UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARLANA O'KEY,** | **CIVIL ACTION NO.** |
| **Plaintiff** | **SECTION:** |
| vs | **JUDGE** |
| **SANDOZ LAW OFFICES a Louisiana law firm and W. SIMMONS SANDOZ, an individual.** | **MAGISTRATE JUDGE** |
| | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## COMPLAINT -- CLASS ACTION

NOW INTO COURT, Plaintiff, MARLANA O'KEY (hereinafter referred to as "PLAINTIFF") by and through undersigned counsel, alleges upon knowledge as to herself and her own acts, and upon information and belief as to all other matters, and brings this complaint against the above-named DEFENDANTS and in support thereof alleges the following:

### PRELIMINARY STATEMENT

1. PLAINTIFF brings this action on her own behalf and on the behalf of all others similarly situated for statutory damages arising from SANDOZ LAW OFFICES, and W. SIMMONS SANDOZ' (collectively hereinafter referred to as "DEFENDANTS") violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

## JURISDICTION AND VENUE

2. The Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because PLAINTIFF and DEFENDANTS reside and/or do business in the Western District of Louisiana. Venue is also proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the Western District of Louisiana.

## PARTIES

4. PLAINTIFF is a natural person residing in Lake Charles, Louisiana.

5. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6. PLAINTIFF allegedly owes a (past due) consumer debt as defined by 15 U.S.C. § 1692a(5).

7. SANDOZ LAW OFFICES (hereinafter referred to as "SLO") is a Louisiana law firm which regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

8. W. SIMMONS SANDOZ (hereinafter referred to as "SLO") is a Partner with SLO who regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

9. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS regularly collect or attempt to collect consumer debts owed or due or asserted to be owed or due another and that each DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

10. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 9 inclusive, above.

11. In June of 2017, PLAINTIFF delivered her son at Women & Children's Hospital, dba Lake Area Medical Center.

12. At the time PLAINTIFF delivered her son, she worked for Lake Area Medical Center.

13. As an employee of the medical center, she received discounts for medical services.

14. Thereafter, Christus Health purchased Lake Area Medical Center.

15. Between August and April of 2018, PLAINTIFF began pursuing claims against Christus Health for violations of the Family and Medical Leave Act.

16. On or about December 12, 2018, PLAINTIFF and Christus settled all claims between them.

17. PLAINTIFF believed the settlement included the debt she owed to the hospital.

18. On January 8, 2019 DEFENDANTS mailed PLAINTIFF the collection letter attached hereto as Exhibit 1, in an attempt to collect an alleged past due amount owed to Lake Area Medical Center from the birth of her son.

19. PLAINTIFF disputes that she owes a debt to Lake Area Medical Center.

20. Believing the matter settled, she contacted her attorney who handled the Family and Medical Leave Act.

21. As part of its FDCPA disclosure, Exhibit 1 states: "If you do notify us of a dispute, we will obtain verification of the debt and will mail it to you."

22.     Exhibit 1 fails to notify PLAINTIFF that "if the consumer notifies the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt." 15 U.S.C. §1692g(a)(4) (emphasis added).

23.     Exhibit 1 is false and misleading to the least sophisticated consumer because The FDCPA "assigns lesser rights to debtors who orally dispute a debt and greater rights to debtors who dispute it in writing." *Camacho vs. Bridgeport Fin. Inc.,* 430 F.3d 1078, 1081 (9th Cir. 2005). "Any consumer, not simply the least sophisticated consumer, who read [the defendant's] letter would not know that to secure her right to obtain verification of the debt and the identity of the original creditor, her dispute of the debt and request for the identity of the original creditor must be in writing." *Osborn vs. Ekpsz, LLC*, 821 F. Supp. 2d 859, 870 (S.D. Tex, 2011) (internal citations omitted).

24.     PLAINTIFF was confused by Exhibit 1.

25.     Exhibit 1 created a sufficient risk of harm contemplated by the FDCPA and constitutes a concrete injury in fact as articulated in *Spokeo, Inc. vs. Robins*, 136 S. Ct. 1540, 1549 (2016).

26.     PLAINTIFF is informed and believes and therefore alleges that PLAINTIFF and the class members are entitled to statutory damages and may have also suffered damages in other ways and to other extents not presently known to PLAINTIFF, and not specified herein. PLAINTIFF reserves the right to assert additional facts and damages not referenced herein, and/or to present evidence of the same at the time of trial.

## CLASS ALLEGATIONS

27.     PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 26 inclusive, above.

28. These claims for relief are brought by PLAINTIFF individually and on behalf of the following class: (i) all Louisiana residents (ii) to whom DEFENDANTS sent a letter in the form of Exhibit 1 (iii) which were not returned as undeliverable (iv) in an attempt to collect a debt incurred for personal, family, or household purposes as shown by DEFENDANTS or the creditors' records (v) during the one year period prior to the filing of this lawsuit.

29. PLAINTIFF does not know the exact size or identities of the class as DEFENDANTS maintain exclusive control of such information. PLAINTIFF believes the class includes more than 100 individuals. The identities of these individuals can be readily determined from DEFENDANTS' business records. Therefore, the proposed class is so numerous that joinder of all members is impracticable.

30. All class members have been affected by the same conduct. The common questions of law and fact predominate over any questions affecting only individual members of the class. These questions include, but are not limited to:

   a. Whether DEFENDANTS' actions violate 15 U.S.C. § 1692g(a);
   b. The identities of individuals who were sent a collection letter from DEFENDANTS which violated the above subsections; and
   c. The total number of consumers to whom DEFENDANTS sent a collection letter which violated the above subsections.

31. PLAINTIFF's claims are typical of the claims of the classes and do not conflict with the interests of any other class members. PLAINTIFF and the members of the classes were uniformly subjected to the same conduct.

32. PLAINTIFF will fairly and adequately represent the class members' interests and has retained counsel who are qualified to pursue this litigation. PLAINTIFF's counsel's firm,

GESUND & PAILET, LLC, focuses on prosecuting FDCPA lawsuits. PLAINTIFF's counsel, Keren E. Gesund, also has extensive experience in prosecuting FDCPA class actions.

33. PLAINTIFF is committed to vigorously pursuing the claims herein.

34. A class action regarding the issues in this case does not create any problems of manageability.

35. A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C.§ 1692k. The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

36. If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class under Rule 23(b) of the Federal Rules of Civil Procedure.

## FIRST CLAIM FOR RELIEF

**VIOLATIONS OF THE FDCPA 15 U.S.C. §§ 1692e(2)(A), (5), (10) and §1692f AGAINST DEFENDANTS BROUGHT BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF THE CLASS**

37. PLAINTIFF repeats, re-alleges and incorporates by reference, paragraphs 1 through 36 inclusive, above.

38. The FDCPA requires that, within five days after the initial communication with a consumer in connection with the collection of any debt, the debt collector shall send the consumer a written notice containing:

  (1) the amount of the debt;
  (2) the name of the creditor to whom the debt is owed;

>    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
>    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
>    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

39. As a result of DEFENDANTS' FDCPA violations, Plaintiff is entitled to an award of statutory damages.

40. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefor.

41. It has been necessary for PLAINTIFF, on behalf of herself and those similarly situated to obtain the services of an attorney to pursue this claim and are entitled to recovery reasonable attorneys' fees therefor.

## DEMAND FOR JURY TRIAL

42. Please take notice that PLAINTIFF demands trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF'S favor, and on behalf of the class, and that judgment be entered against DEFENDANTS for the following:

(1) To certify PLAINTIFF'S claims as a class action pursuant FRCP 23(b);

(2) To Designate PLAINTIFF as the class representative and designate undersigned counsel as class counsel;

(3) To issue notice to the prosed class at DEFENDANTS' expense;

(4) To enter judgment that the practices complained of herein are unlawful under the FDCPA and that DEFENDANTS violated the rights of PLAINTIFF and the class under the FDCPA;

(5) For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(1);

(6) For statutory damages awarded to PLAINTIFF, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(7) For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of the DEFENDANTS;

(8) For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims;

(9) For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(10) For any and all other relief this Court may deem appropriate.

DATED this 14th day of December 2019.

**GESUND AND PAILET, LLC**

*/s/ Keren E. Gesund, Esq.*
Keren E. Gesund, Esq.
Louisiana Bar No. 34397
3421 N. Causeway Blvd., Suite 805
Metairie, LA 70002
Tel: (504) 836-2888
Fax: (504) 265-9492
keren@gp-nola.com